## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SKF USA INC.,                           )
                                        )
      Plaintiff,                  )
                                        )     Civil Action No. _____
      v.                          )
                                        )
MRC GLOBAL INC. and MCJUNKIN            )
RED MAN CORPORATION,                    )
                                        )
      Defendants.                 )

## COMPLAINT

Plaintiff SKF USA Inc., by their attorneys, Novak Druce Connolly Bove + Quigg LLP, for their complaint against defendants MRC Global, Inc. and McJunkin Red Man Corporation, allege as follows:

## NATURE OF ACTION

1.     This is a civil action for:  (i) trademark infringement arising under Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*.; (ii) use of false designations of origin in commerce and false advertisement, arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a); (iii) unfair competition, arising under Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a); (iv) federal cybersquatting, arising under Section 43(d) of the Lanham Act, as amended, 15 U.S.C. § 1125(d); (v) the likelihood of injury to business reputation or dilution of the distinctive quality of a mark or trade name valid at common law under the Delaware Trademark Act, 6 Del. C. § 3313; (vi) statutory unfair competition under the Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq*.; (vii) common law unfair competition under the common law of the State of Delaware; and (viii) unjust enrichment under the common law of the State of Delaware.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the claims arising under the laws of the State of Delaware pursuant to 28 U.S.C. § 1367.

3.      MRC Global, Inc. is a corporation organized and existing under the laws of the state of Delaware.  MRC Global, Inc. has submitted to personal jurisdiction in this Court because, *inter alia*, it is a resident and citizen of the State of Delaware and has availed itself to the rights and benefits of the laws of Delaware by virtue of incorporating in Delaware and engaging in systematic and continuous contacts with the State of Delaware.

4.      McJunkin Red Man Corporation is a corporation organized and existing under the laws of the state of Delaware.  McJunkin Red Man Corporation has submitted to personal jurisdiction in this Court because, *inter alia*, it is a resident and citizen of the State of Delaware and has availed itself to the rights and benefits of the laws of Delaware by virtue of incorporating in Delaware and engaging in systematic and continuous contacts with the State of Delaware.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

6.      Plaintiff SKF USA Inc. ("SKF" or "Plaintiff") is a Delaware corporation with its principal place of business at 890 Forty Foot Road, P.O. Box 352, Lansdale, Pennsylvania, 19446.  SKF is a subsidiary of AB SKF, a Swedish company, and is engaged in, *inter alia*, the business of manufacturing and selling plain, rolling element, and magnetic bearings, bearing housings, seals, actuators, lubrication devices and systems, and condition monitoring equipment

and services, and providing training, consultation and engineering design services, among other related products and services.  SKF has approximately 15,000 distributor partners worldwide.  At least one of these distributor partners is in Delaware, namely, Applied Industrial Technologies, as shown by the web page at Exhibit A.

7.     Defendant MRC Global, Inc. ("MRC Global") is, upon information and belief, a Delaware corporation with an address at 909 Fannin Street, Suite 3100, Houston, Texas, 77010. Upon information and belief, MRC Global is the parent company of McJunkin Red Man Corporation.  Upon information and belief, MRC Global is a "global distributor of pipe, valves, fittings and related products and services to the energy industry" and operates "more than 410 global service locations, including key locations in the most active oil and natural gas regions," as shown in the attached excerpts from the 2011 MRC Global Annual Report at Exhibit B (the "MRC Global Annual Report").  MRC Global has at least four locations in Pennsylvania and two in New Jersey, among others, as shown in the web pages from www.mrcpvf.com attached at Exhibit C, and, upon information and belief, provides services and products in Delaware. According to the MRC Global Annual Report, MRC Global rebranded the company logos to MRC in 2010 and began trading on the New York Stock Exchange in April 2012 under the trading symbol MRC.  According to its website at www.mrcglobal.com, pages from which are attached at Exhibit D, MRC Global's brands include various names including the leading component "MRC," including MRC, MRC GLOBAL SUPPLIER OF CHOICE, MRC MCJUNKIN RED MAN CORPORATION, MRC TRANSMARK, MRC SPF, and MRC PIPING SYSTEMS AUSTRALIA.

8.     Defendant McJunkin Red Man Corporation ("McJunkin") is, upon information and belief, a Delaware corporation with an address at 909 Fannin Street, Suite 3100, Houston,

Texas, 77010.  Upon information and belief, McJunkin is a U.S. operating subsidiary of MRC Global as shown in the January 2, 2013 press release excerpt at Exhibit E.

9.      Upon information and belief, MRC Global and McJunkin (collectively referred to as "Defendants") do business under the name "MRC," and are the owners of and are responsible for the websites at the domain names www.mrcpvf.com; www.mrcglobal.com; www.mrctransmark.com; and www.mrcmidfield.com.  These websites are not simply informational but are also transactional websites that enable the citizens of all states, including Delaware, to login, access a catalog, review invoices for Defendants' goods and services and conduct other business.  Through these websites, and others, Defendants market their products and services directly to consumers and through at least 410 locations.

10.     In connection with their business, upon information and belief, Defendants transact business, promote their goods and services, and enter into contracts to supply services and/or products in Delaware, with Delaware companies and citizens.

## FACTS

### SKF and its MRC® Mark

11.     SKF is one of the world's leading manufacturers of plain, rolling element, and magnetic bearings, bearing housings, seals, actuators, lubrication devices and systems, and condition monitoring equipment and services, and provides training, consultation and engineering design services, among other related products and services (the "SKF Goods/Services") across a wide range of industries.  SKF has been a leading provider of technology solutions since 1907 and it, along with its affiliates, provides the SKF Goods/Services in over 130 countries and has over 45,000 employees worldwide.  SKF and its affiliates utilize an extensive global network of over 15,000 distributor partners to provide

4

technical solutions and services to aftermarket customers.   Many of these distributor partners also offer complimentary products and solutions from other suppliers.   SKF advertises, markets, and sells its rolling element bearings and related products and services throughout the world under "MRC" and/or other trademarks incorporating "MRC" (the "MRC Goods/Services").   The MRC Mark (defined below) is the outgrowth of some of the country's oldest bearing companies who, through various acquisitions and mergers, were merged into Marlin Rockwell Corporation in 1925, and the successor company was subsequently acquired by SKF Group in 1986.   Under the MRC Mark, SKF provides a variety of services designed to help distributor customers respond to aftermarket needs including those in the oil and gas industry, among other industries. As a part of the MRC Goods/Services, SKF finds solutions for customers, including selecting MRC branded bearings and seals that could be used with pipes and valves, for example.   In addition to common law rights in "MRC," described below, SKF is the owner of the following United States federal trademark registrations and application, among others (collectively, referred to as the "MRC Mark"):

U.S. Registration No. 3,053,109 ("the '109 Registration") for the trademark MRC for: "machine parts; namely, ball bearings and roller bearings," in class 7; "manufacture of anti-friction bearings to the order and specification of others," in class 40; and "design, engineering and product consultation in the field of antifriction bearings for others," in class 42.  The application that matured into the '109 Registration was filed December 16, 2003, claims use of the mark since at least as early as July 1, 1977, and the registration issued on January 31, 2006. The '109 Registration is in full force and effect, and is incontestable, as evidenced by the attached printout from the PTO electronic database records at Exhibit F.

U.S. Registration No. 620,549 ("the '549 Registration") for the trademark M-R-C STROM GURNEY SRB BALL BEARINGS & Design for: "engineering service encompassing anti-friction bearings, namely, determining, designing, and recommending the proper bearings required for specific installations of various types and sizes of such bearings."   The application that matured into the '549 Registration was filed November 28, 1952, claims use of the mark since at least as early as December 1940, and the registration issued on January 31, 1956.   The '549 Registration is in full force and effect, and is incontestable, as evidenced by

the attached printouts from the United States Patent and Trademark Office (the "PTO") electronic database records at Exhibit G.

U.S. Application Serial No. 85/850,072 ("the '072 Application") for the trademark MRC for: "machine parts; namely, ball bearings and roller bearings," in class 7; "manufacture of anti-friction bearings to the order and specification of others," in class 40; "educational services, namely, arranging and conducting seminars in the field of maintenance of machinery, printed instructional materials, computer software, videos and cd's in the same field distributed in connection therewith" in class 41; and "design, engineering and product consultation in the field of antifriction bearings for others," in class 42.  The application was filed February 14, 2013, as evidenced by the attached printout from the PTO electronic database records at Exhibit H.

12.     SKF has devoted significant advertising resources and creative energies towards creating goodwill in the MRC Mark.  The MRC Mark is distinctive, well known, and is widely recognized by the consuming public as a designation of source, and specifically as a designation of source of the MRC Goods/Services. The MRC Mark is federally registered, and SKF uses the federal registration symbol for the MRC Mark, and the MRC Mark is entitled to constructive notice under 15 U.S.C. § 1072.

13.     SKF, itself and/or through its predecessors, began use of the MRC Mark in the United States at least as early as 1940.  SKF has devoted significant marketing, advertising, and financial resources to developing and establishing in the minds of consumers that the MRC Mark signifies SKF and certain of its products and services.  As a result of these efforts, the MRC Mark is widely recognized by the consuming public as a designation of source for SKF and the MRC Goods/Services.

14.     SKF expends significant revenue and resources in advertising and promoting its goods and services using the MRC Mark through various media, including trade shows, offline advertising, and the internet.  As a part of this extensive advertising, SKF promotes its goods and services prominently using the MRC Mark in its advertising campaigns, marketing materials, and

on its website at the domain name www.skf.com.  SKF often displays its MRC Mark in a bright

red color and in a slightly stylized font as shown below:



and also in the printouts of pages from the website attached at Exhibit I.

15.     SKF carefully supervises, monitors, and controls the quality of the MRC

Goods/Services and takes care to provide high-quality goods and services to consumers.  The

SKF Good/Services, including those offered under the MRC Mark, are used in demanding

applications in a wide variety of products such as large equipment and machinery.  It is critical

for safety and performance that such products are of a particular quality and meet other standards

of durability and performance.  As a result of the continuous use of the MRC Mark, and the

extensive advertising and promotion of the MRC Mark, combined with the high quality products

and services, the MRC Mark has acquired tremendous goodwill and secondary meaning among

the consuming public, and the MRC Mark is a distinctive indicator of Plaintiff's products.

Through this philosophy and its promotion of its goods and services, SKF has developed a strong

brand identity.

### Defendants' Activities Resulting In, *Inter Alia*, Trademark Infringement and Unfair Competition

16.     Upon information and belief, Defendants are, *inter alia*, distributing, marketing,

offering for sale, and selling bearings, pipes, valves, fittings (PVF), and related products and

services to the energy industry and other industries ("MRC Global Goods/Services").

Defendants have claimed in the MRC Global Annual Report that they are now the largest global

distributor of pipe, valves, and fittings and related products and services to the energy industry.

17.     Upon information and belief, after McJunkin Corporation merged with Red Man Pipe & Supply Company to form McJunkin Redman Corporation, in approximately 2009 it adopted the name MRC and Defendants began using the name "MRC" (the "MRC Name"). Since 2009, the MRC family of companies has continued to grow organically and through acquisitions of other companies and has also started using other variants of MRC such as MRC GLOBAL SUPPLIER OF CHOICE, MRC MCJUNKIN RED MAN CORPORATION, MRC TRANSMARK, MRC SPF, AND MRC PIPING SYSTEMS AUSTRALIA.  Upon information and belief, Defendants' family of companies distributes bearings, seals, pipes, valves, and fitting products under variants of the MRC Name.  In providing the MRC Global Goods/Services, Defendants claim to have an extensive distribution network and use 12,000 suppliers to connect with customers.  According to the MRC Global Annual Report, Defendants expect the energy demand to grow in the future, and that Defendants, under the MRC Name, can satisfy this demand and take advantage of growth opportunities.  Defendants' expansion under the MRC Name is in one of the key industries served by SKF under the MRC Mark, and is done through the suppliers and those serving aftermarket needs, targeting some of the customers that comprise Plaintiff's potential customer base.  MRC Global Goods/Services specifically include bearings and seals such as those offered by SKF.  Additionally, the SKF MRC Goods/Services are also used with at least some of the other MRC Global Goods/Services such as pipes and valves because pipes and valves use bearings and seals and SKF sells bearings and seals for those products.  Both SKF and Defendants offer services in connection with providing such products and, at a minimum, the energy/oil and gas industry is an industry served by both Plaintiff and Defendants.  In adopting and expanding its use under the MRC Name, Defendants will compete, and are competing, with SKF, and will offer, and are offering at least some identical and highly

related goods/services to at least some of the same customers in the same industry as those offered by SKF and its distributors under the long established MRC Mark.

18.     Defendants' website offers bearings and seals under the MRC Name.  On the Defendants' website, through the "MRC Online" portal, Defendants advertise, offer for sale and/or sell bearings, seals, and other products, including those manufactured by SKF and sold under the MRC Mark as shown in the web pages from Defendants' MRC Online product offerings attached at Exhibit J.  As illustrated on the MRC Online Portal at Exhibit J, the MRC Name is prominently used in a red font, and McJunkin is identified as the "supplier" and source of the goods, but no company is identified under the field labeled "manufacturer." For other bearings and seals offered on the MRC Online portal, there is no other company identified as the source of the goods, other than McJunkin and the use of the MRC Name.  This could potentially lead customers to believe Defendants are the source of the MRC Goods/Services, or affiliated with, sponsored by, or endorsed by SKF.  Under the MRC Name, the MRC Online portal also advertises and offers other bearings and seals from other bearing and seal competitors such as Jensen and Timken, among others.

19.     On the websites found at the domain names www.mrcpvf.com and www.mrcglobal.com which, upon information and belief, are available worldwide through the Internet, Defendants display the MRC Name a bright red color and in a slightly stylized font that is virtually identical to the MRC Mark, as depicted below:



and also in the printouts of pages from the website attached at Exhibit K.  Defendants use the MRC Name in connection with the MRC Global Goods/Services in an improper manner without authorization from SKF or any other authorized entity.  Defendants' use of the MRC Name,

including use in a virtually identical color and font as SKF, suggests an association with SKF and is likely to cause confusion.  The letters MRC adopted by Defendants are identical to the MRC Mark.  The MRC Name is identical and/or confusingly similar to the MRC Mark and Defendants are thereby improperly using and trading, and intending to use and trade, upon the MRC Mark.

20.     The mark MRC has been federally registered by SKF and the '109 Registration and the '549 Registration are incontestable, and use of a confusingly similar mark, the MRC Name, was begun with, at a minimum, constructive knowledge of the MRC Mark.

21.     Upon information and belief, Defendants did not begin use of the MRC Name until at least 2009, long after the SKF applications for the '109 Registration and the '549 Registration had been published for opposition and matured to registration, and SKF had long used the MRC Mark including use with the federal registration symbol.  Defendants were on notice of the SKF rights in the MRC Mark at the time they began use of the MRC Name.

22.     Upon information and belief, McJunkin appears to have filed six federal trademark applications for marks including "MRC," and five of these applications matured to registration in 2010 (the "MRC Applications").  Printouts from the PTO electronic database records are attached at Exhibit L.  The registrations and applications identify the owner/applicant as McJunkin Red Man Corporation, a West Virginia corporation.  However, according to public records, the West Virginia Corporation appears to have merged with the Delaware Corporation in 2010, with the Delaware Corporation as the surviving entity.  The MRC Global website claims ownership of the MRC Names on its website.

23.     The earliest filing date for the MRC Applications is February 2009, long after the SKF applications for the '109 Registration and the '549 Registration had been published for opposition and matured to registration.

24.     Upon information and belief, Defendants' website www.mrcpvf.com was created on or about May 7, 2009, as shown by the WHOIS record attached at Exhibit M, long after the SKF applications for the '109 Registration and the '549 Registration had been published for opposition and matured to registration.  Defendants use the confusingly similar MRC Name on the website and on marketing materials in connection with the advertising, sale, and offering for sale of the MRC Global Goods/Services.  Additionally, the domain name www.mrcpvf.com, includes the entire MRC Mark, along with the descriptive PVF acronym used for "pipes, valves, and fittings."  The SKF use and registration of the MRC Mark precedes Defendants' use of the MRC Name and registration of the domain name www.mrcpvf.com.  Defendants were on notice of the SKF rights in the MRC Mark at the time they began use of the MRC Name.  This notice, at least, suggests Defendants had a bad faith intent to profit from the use of the MRC Mark in the domain name www.mrcpvf.com.

25.     Upon information and belief, Defendants' website www.mrcglobal.com was created on or about September 18, 2008, as shown by the WHOIS record attached at Exhibit N, long after the SKF applications for the '109 Registration and the '549 Registration had been published for opposition and matured to registration.  Defendants use the confusingly similar MRC Name on the website and on marketing materials in connection with the advertising, sale, and offering for sale of the MRC Global Goods/Services.  Additionally, the domain name www.mrcglobal.com, includes the entire MRC Mark, along with the descriptive word "global."  The SKF use and registration of the MRC Mark precedes Defendants' use of the MRC Name and

registration of the domain name www.mrcglobal.com.  Defendants were on notice of the SKF rights in the MRC Mark at the time Defendants began use of the MRC Name.  This notice, at least, suggests Defendants had a bad faith intent to profit from the use of the MRC Mark in the domain name www.mrcglobal.com.

26.     Upon information and belief, Defendants' website www.mrctransmark.com was created on or about August 5, 2009, as shown by the WHOIS record attached at Exhibit O, long after the SKF applications for the '109 Registration and the '549 Registration had been published for opposition and matured to registration.  Defendants use the confusingly similar MRC Name on the website and on marketing materials in connection with the advertising, sale, and offering for sale of the MRC Global Goods/Services.     Additionally, the domain name www.mrctransmark.com, includes the entire MRC Mark, along with the term "transmark."  The SKF use and registration of the MRC Mark precedes Defendants' use of the MRC Name and registration of the domain name www.mrctransmark.com.  Defendants were on notice of the SKF rights in the MRC Mark at the time Defendants began use of the MRC Name.  This notice, at least, suggests Defendants had a bad faith intent to profit from the use of the MRC Mark in the domain name www.mrctransmark.com.

27.     Upon information and belief, Defendants' website www.mrcmidfield.com was created on or about May 6, 2009, as shown by the WHOIS record attached at Exhibit P, long after the SKF applications for the '109 Registration and the '549 Registration had been published for opposition and matured to registration.  Defendants use the confusingly similar MRC Name on the website and on marketing materials in connection with the advertising, sale, and offering for sale of the MRC Global Goods/Services.     Additionally, the domain name www.mrcmidfield.com, includes the entire MRC Mark, along with the term "midfield."  The

SKF use and registration of the MRC Mark precedes Defendants' use of the MRC Name and registration of the domain name www.mrcmidfield.com.  Defendants were on notice of the SKF rights in the MRC Mark at the time Defendants began use of the MRC Name.  This notice, at least, suggests Defendants had a bad faith intent to profit from the use of the MRC Mark in the domain name www.mrcmidfield.com.

28.    Defendants' use of the MRC Name is confusingly similar to Plaintiff's MRC Mark.  Defendants' use of the MRC Name is nearly identical to and conveys the same commercial impression as that of the MRC Mark, especially because the MRC Name is used by Defendants in advertising and promoting their MRC Global Goods/Services in the energy industry, one of the same industries in which SKF operates.

29.    Defendants' confusingly similar and deceptive use of the MRC Name enables Defendants to compete directly and unfairly with the goods and services offered by SKF under the MRC Mark.  Defendants are using and, upon information and belief, intend to continue to use the MRC Name, and/or variations thereof, for the same type of goods and/or services offered to the same classes of consumers and target customers as the MRC Goods/Services.

30.    Defendants' use of the MRC Name in connection with the MRC Global Goods/Services to consumers in the energy industry is likely to cause confusion as to the source and origin of the MRC Global Goods/Services and is likely to cause confusion, or to cause mistake, or to deceive the public and the trade as to the source or sponsorship of the MRC Global Goods/Services and to falsely suggest a connection with SKF, and mislead the public into believing that the MRC Global Goods/Services emanate from, are approved or sponsored by, or are in some way associated or connected with SKF.

31.     Defendants' use of the MRC Name in connection with overlapping and related goods/services on its website and other advertising falsely conveys that SKF is affiliated with Defendants or otherwise misrepresents the nature, characteristics, and qualities of Defendants' goods and services and commercial activities.   The use on the website, and other uses by Defendants of the MRC Name, upon information and belief, actually and materially deceived or has the capacity to materially deceive a substantial segment of the audience.

32.     Current and prospective customers looking for SKF and encountering the MRC Name, are likely to be confused or deceived as to the source of the goods and services and sales could thus be diverted to Defendants.

33.     Upon information and belief, Defendants' adoption and use of the infringing MRC Name represents a deliberate attempt to trade unlawfully upon the goodwill associated with the MRC Mark.

34.     Defendants' activities as described herein have and will cause SKF irreparable harm and significant injury.

## COUNT I -- INFRINGEMENT OF REGISTERED TRADEMARK

35.     SKF repeats and realleges each and every allegation set forth in paragraphs 1 through 34 above as if fully set forth herein.

36.     Defendants, without authorization from SKF, have used and are continuing to use spurious designations that are identical to, or confusingly similar to, the MRC Mark.

37.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether the MRC Global Goods/Services originate from, or are affiliated with, sponsored by, or endorsed by SKF.

38.     Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the MRC Mark and to unfairly benefit from the goodwill symbolized thereby.

39.     Defendants' activities as described above constitute infringement of the MRC Mark in violation of Section 32(1) of the Lanham Act of 1946, as amended (15 U.S.C. § 1114(1)).

40.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

41.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

42.     Defendants' acts have damaged and will continue to damage SKF, and SKF has no adequate remedy at law.

### COUNT II -- FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING

43.     SKF repeats and realleges each of the allegations set forth in paragraphs 1 through 42 above as if fully set forth herein.

44.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the MRC Global Goods/Services is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the MRC Global Goods/Services, and is intended, and is likely to cause such parties to believe in error that the MRC Global Goods/Services have been authorized, sponsored, approved, endorsed or licensed by SKF or that Defendants are in some way affiliated with SKF.

45.     Defendants' activities as described above constitute the use of false designations of origin in commerce, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

46.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

47.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

48.     Defendants' acts have damaged and will continue to damage SKF, and SKF has no adequate remedy at law.

## COUNT III -- UNFAIR COMPETITION

49.     SKF repeats and realleges each of the allegations set forth in paragraphs 1 through 48 above as if fully set forth herein.

50.     Defendants' activities as described above constitute unfair competition in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

51.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

52.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

53.     Defendants' acts have damaged and will continue to damage SKF, and SKF has no adequate remedy at law.

## COUNT IV – FEDERAL CYBERSQUATTING, 15 U.S.C. § 1125(d)

54.    SKF repeats and realleges each of the allegations set forth in paragraphs 1 through 53 above as if fully set forth herein.

55.    Defendants, as described above, have registered and used at least four domain names that incorporate a confusingly similar variation of the distinctive MRC Mark.

56.    On information and belief, Defendants registered the domain names incorporating the MRC Mark with a bad faith intent to profit from the MRC Mark and/or divert consumers from SKF.

## COUNT V -- TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION UNDER THE DELAWARE TRADEMARK ACT, 6 DEL. C. § 3313

57.    SKF repeats and realleges each of the allegations set forth in paragraphs 1 through 56 above as if fully set forth herein.

58.    The MRC Mark is distinctive, and has enjoyed such distinction since long before the time Defendants commenced use of the MRC Name.

59.    Defendants' activities as described above constitute injury to Plaintiff's business reputation and dilution of the distinctive quality of the MRC Mark, in violation of the Delaware Trademark Act, 6 Del. C. § 3313.

## COUNT VI -- UNFAIR COMPETITION UNDER THE DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 6 *DEL. C.* § 2531 *ET SEQ.*

60.    SKF repeats and realleges each of the allegations set forth in paragraphs 1 through 59 above as if fully set forth herein.

61.    Defendants' activities as described above constitute unfair competition and deceptive trade practices under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531 *et seq*.

62.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

63.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

64.     Defendants' acts have damaged and will continue to damage SKF, and SKF has no adequate remedy at law.

## COUNT VII -- COMMON LAW UNFAIR COMPETITION

65.     SKF repeats and realleges each of the allegations set forth in paragraphs 1 through 64 above as if fully set forth herein.

66.     Defendants' activities as described above constitute unfair competition under the common law of the State of Delaware.

67.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

68.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

69.     Defendants' acts have damaged and will continue to damage SKF, and SKF has no adequate remedy at law.

## COUNT VIII -- COMMON LAW UNJUST ENRICHMENT

70.     SKF repeats and realleges each of the allegations set forth in paragraphs 1 through 69 above as if fully set forth herein.

71.     Benefits have been conferred upon Defendants by Defendants' unauthorized use of the MRC Name.

72.     Defendants have appreciated, accepted, and retained these benefits.

73.     It is inequitable for Defendants to retain these benefits without the payment of value to SKF.

74.     Defendants have been unjustly enriched at the expense of SKF.

75.     Defendants' activities as described above constitute unjust enrichment under the common law of the State of Delaware.

### PRAYER FOR RELIEF

WHEREFORE, SKF prays for the following relief:

1.     That Defendants, their agents, servants, affiliates, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently from:

(a)     Using the MRC Mark or any other mark, symbol or device that is confusingly similar to the MRC Mark, including the MRC Name; and

(b)     Committing any other act calculated or likely to cause the public to believe that Defendants are in any manner connected, affiliated or associated with SKF or from otherwise competing unfairly with SKF.

2.     Pursuant to 15 U.S.C. § 1118, that Defendants deliver to SKF for destruction all material (including, without limitation, all advertisements, promotional materials, and brochures), within its possession, custody or control, either directly or indirectly, that bears the MRC Name or any other designation, symbol or device that is confusingly similar to the MRC Mark.

3.     Pursuant to 15 U.S.C. § 1116(a), that Defendants be directed to file with the Court and serve upon SKF, within thirty (30) days after entry of the injunctive order, a report in writing

and under oath setting forth in detail the manner and form by which they have complied with the provisions set forth in paragraphs 1, and 2 above.

4.      That the following federal trademark registrations and pending trademark applications be cancelled and/or abandoned:

(a)      Application No. 85/739,225 for MRC TRANSMARK

(b)      Registration No. 3,988,990 for MRC

(c)      Registration No. 3,889,677 for MRC MIDFIELD

(d)      Registration No. 3,889,676 for MRC TRANSMARK

(e)      Registration No. 3,889,672 for MRC MCJUNKIN RED MAN CORPORATION

(f)      Registration No. 3,815,308 for MRC MCJUNKIN RED MAN

5.      That all domain names incorporating the MRC Mark owned by Defendants be forfeited, cancelled, or transferred to SKF including, but not limited to, www.mrcpvf.com; www.mrcglobal.com; www.mrcmidfield.com; and www.mrctransmark.com.

6.      Pursuant to 15 U.S.C. § 1117(a) and the common law, that Defendants be directed to account to SKF for all gains, profits, and advantages derived from Defendants' wrongful acts.

7.      Pursuant to 15 U.S.C. § 1117(a) and 6 *Del. C.* § 2533(c), that SKF recovers from Defendants the greater of three times the amount of Defendants' profits or any damages sustained by SKF, together with interest on such amount and the costs of this action.

8.      Pursuant to 15 U.S.C. § 1117(a) and 6 *Del. C.* § 2533(b), that the Court determine that the case is exceptional and that SKF recovers from Defendants their attorneys' fees and the costs of this civil action.

9.      That SKF be awarded such other and further relief as the Court deems equitable, just, and proper.

DATED this 19th day of February 2013.

_____/s/ Francis DiGiovanni_____
Francis DiGiovanni (#3189)
Christina Hillson (#5187)
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614
frank.digiovanni@novakdruce.com
christina.hillson@novakdruce.com

Of Counsel:

Jennifer Fraser
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
1875 Eye Street, NW, Ste. 1100
Washington, DC  20006
(202) 331-7111
jennifer.fraser@novakdruce.com

*Attorneys for Plaintiff SKF USA Inc.*